The Disciplinary Review Board having filed with the Court its decision in DRB 17-203, recommending that as a matter of final discipline, pursuant to Rule 1:20-13(c), EVERETTE L. SCOTT, formerly of MOUNT LAUREL, who was admitted to the bar of this State in 2007, and who has been temporarily suspended from the practice of law since February 12, 2013, be disbarred based on his criminal conviction in the United States District Court for the Southern District of New York on one count of securities fraud, in violation of 15 U.S.C. § 78ff and § 78j(b), and two counts of wire fraud, in violation of 18 U.S.C. § 1343, conduct that in New Jersey violates RPC 8.4(b) (commission of a criminal act that reflects adversely on an attorney's honesty, trustworthiness or fitness as a lawyer), RPC 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and the principles of **600 In re Wilson, 81 N.J. 451, 409 A.2d 1153 (1979), and In re Hollendonner, 102 N.J. 21, 504 A.2d 1174 (1985) ;
And EVERETTE L. SCOTT having been ordered to show cause why he should not be disbarred or otherwise disciplined;
And good cause appearing;
It is ORDERED that EVERETTE L. SCOTT be disbarred, effective immediately, and that his name be stricken from the roll of attorneys;
ORDERED that EVERETTE L. SCOTT be and hereby is permanently restrained and enjoined from practicing law; and it is further
ORDERED that EVERETTE L. SCOTT comply with Rule 1:20-20 dealing with disbarred attorneys; and it is further
ORDERED that all funds, if any, currently existing or hereinafter deposited in any New Jersey financial institution maintained by EVERETTE L. SCOTT pursuant to Rule 1:21-6 be restrained from disbursement except on application to this Court, for good cause shown, and shall be transferred by the financial institution to *1025 the Clerk of the Superior Court, who is directed to deposit the funds in the Superior Court Trust Fund pending the further Order of this Court; and it is further
ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further
ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.